# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMIL WEAKS,                )
                            )
            Plaintiff,      )
                            )
    v.                      )    1:15CV1008
                            )
OFFICER MORRISON,           )
                            )
            Defendant.      )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge, sua sponte, in light of Plaintiff's failure to comply with an order and his abandonment of this action.

Plaintiff filed an application to proceed in forma pauperis (the "IFP Application") (Docket Entry 1) in conjunction with his Complaint (Docket Entry 2). Upon review of Plaintiff's IFP Application, the Court entered an order on December 17, 2015 (the "Order"), granting Plaintiff's IFP Application subject to the condition that he "submit to the Clerk an initial payment of $16.67" (the "Initial Payment") within sixty days after the date of the Order. (Docket Entry 3 at 2.) The Order further cautioned Plaintiff that "FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF." (Id. at 4 (emphasis in original).)

On February 11, 2016, Plaintiff filed a document indicating that he had "been shipped to [a different prison] since [the

Court's Order]," and that he "[s]till would like to pursue [this] case." (Docket Entry 4 at 1.) In that same document, however, Plaintiff also stated that he "would like to forego [this] case and claim against [Defendant]." (Id. at 2.) Further, Plaintiff did not make the Initial Payment by February 15, 2016 (i.e., 60 days after the entry of the Order), as directed in the Order. (See Docket Entries dated Dec. 17, 2015, through Feb. 15, 2016.)

Based on Plaintiff's contradictory assertions that he would both like to "pursue" and "forego" this action, as well as his failure to timely make the Initial Payment, the Court entered a Text Order (the "Text Order"), providing that,

> on or before [March 17, 2016], Plaintiff: (1) shall file a Notice making clear whether he 'still would like to pursue [this] case' ([Docket Entry 4 at 1]) OR if he 'would like to forego [this] case and claim against [Defendant]' ([Docket Entry 4 at 2]); and (2) if Plaintiff so indicates his desire to pursue this case, he shall make [the Initial Payment] or shall file a Motion for Relief from Stay containing a statement (made under oath or penalty of perjury) verifying that Plaintiff has not had access to $16.67 in the last 30 days. Failure by Plaintiff to comply with this Text Order will result in dismissal of this case without further notice.

(Text Order dated Feb. 16, 2016.)

To date, Plaintiff has not filed a notice indicating his intent to pursue or forego this case. (See Docket Entries dated Feb. 16, 2016, to present.) Further, although the Clerk received funds in the amount of $24.67 on March 2, 2016 (Docket Entry dated Mar. 2, 2016), and $29.86 on April 5, 2016 (Docket Entry dated Apr.

5, 2016), the Clerk indicated that Plaintiff's custodian submitted both of those payments, consistent with the portion of the Order directed to said custodian at the inception of the case (Docket Entry 3 at 2-4). Those payments, therefore, do not represent a volitional statement by Plaintiff that he wishes to pursue this case. Accordingly, the Court should dismiss this action for Plaintiff's failure to comply with the Text Order and his abandonment of this action.

In making this recommendation, the undersigned recognizes that "dismissal is not a sanction to be invoked lightly." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Nonetheless, "[t]he Federal Rules of Civil Procedure [(the "Rules")] recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Id. (citing Fed. R. Civ. P. 41(b)). The Rules also authorize dismissal "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. In determining

whether to impose such a dismissal, courts should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal" (the "Ballard Factors"). Ballard, 882 F.2d at 95. Applying the Ballard Factors to the facts of this case confirms that dismissal represents the only plausible course of action here.

The first Ballard Factor favors dismissal as Plaintiff proceeds pro se, and therefore, bears sole responsibility for his failure to comply with the Text Order's requirement that he provide notice to the Court whether he intends to pursue or forego this action. See Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012) (unpublished) ("Pro se litigants are not held to the same high standards as attorneys. Pro se litigants must, however, meet certain standards, including 'respect for court orders without which effective judicial administration would be impossible.'" (internal citation omitted) (quoting Ballard, 882 F.2d at 96)), recommendation adopted, slip op. (M.D.N.C. Jan. 22, 2013).

The second Ballard Factor also favors dismissal, as Plaintiff's conduct (and inaction) prejudiced Defendant by delaying the litigation unduly, and thus depriving Defendant of the opportunity to defend against this lawsuit while memories remained

-4-

freshest and before the risk of loss of pertinent documents grows. Similarly, the third Ballard Factor favors dismissal, as Plaintiff's submission of a document with conflicting statements about his desire to proceed, and his subsequent failure to comply with the Text Order seeking clarification, establish a pattern of conduct that delays progress in this case. See Link, 370 U.S. at 630-31 (explaining that courts may "act[] on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Likewise, the fourth Ballard Factor favors dismissal. In particular, the Text Order expressly warned Plaintiff that his failure to comply would result in the dismissal of his case. (See Text Order dated Feb. 16, 2016.) "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Ballard, 882 F.2d at 96.

For these reasons, the Court should dismiss this action.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed without prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 19, 2016